**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

RAMON VAZQUEZ-RODRIGUEZ,      )
                             )
            Movant,          )
                             )
     v.                      )          No. 4:12CV2058 RWS
                             )
UNITED STATES OF AMERICA,     )
                             )
            Respondent.      )

**<u>MEMORANDUM AND ORDER</u>**

This matter is before me on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The motion is barred by the limitations period.

On September 30, 2010, movant pled guilty to conspiracy to distribute with the intent to distribute in excess of 100kg of marijuana and interstate travel in aid of racketeering.  On December 20, 2010, I sentenced defendant to a prison term of 66 months.  No appeal was taken.

Movant filed the instant motion on November 1, 2012.  Movant's sole ground for relief is that his attorney was ineffective for failing to file a notice of appeal.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on December 20, 2010. Fed. R. App. Proc. 4(b)(1).

As a result, the one-year period of limitations under § 2255 expired on about January 3, 2012.  The instant motion was signed by movant on October 23, 2012.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate is **DISMISSED** as untimely.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 27th day of December, 2012.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE